**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MURRAY OHIO MANUFACTURING COMPANY, Respondent.**

**Nos. 15014, 15015.**

United States Court of Appeals Sixth Circuit.

March 5, 1964.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., John D. Reynolds, Jr., Director, 26th Region, N. L. R. B., Memphis, Tenn., for petitioner.

Frank A. Constangy, Constangy & Prowell, Atlanta, Ga., William E. Boston, Lawrenceburg, Tenn., for respondent.

Before WEICK, Chief Judge, O'SULLIVAN, Circuit Judge, and BOYD, District Judge.

ORDER ON MOTION FOR CLARIFICATION OF DECISION

THIS CAUSE is before the Court upon the petition of the National Labor Relations Board for clarification of this Court's decision, filed in this cause on January 14, 1964. Two appeals, Nos. 15,014 and 15,015, were disposed of by that opinion.

Appeal No. 15,014 involved primarily the Board's order requiring reinstatement of 22 employees claimed to have been discriminatorily refused reemployment.

Incidental to said appeal was a further charge of a Section 8(a) (1) violation involving the claim of improper interrogation of two applicants for employment, and an additional claim that a representative of the employer had threatened economic reprisal should the involved union succeed in organizing the plant. These latter charges were not specifically discussed in this Court's opinion, which, as to the one appeal, concluded: "Enforcement of the Board's order involving the 22 employees in appeal No. 15,014 is denied."

█ We are, and were, of the opinion that it is an unfair and coercive practice for an employer representative to state

that "if the union come in here * * * more than likely they would close up the doors and go home—somewhere else."

We do not consider that the interrogation of two applicants for jobs in the summer of 1958 was a coercive or unfair practice. As to enforcement, we decreed enforcement of the Board's order in appeal No. 15,015, which found violation of both sections 8(a) (3) and 8(a) (1), and we assume that the cease and desist order and the notice that will be posted as part of the enforcement of the Board's order in No. 15,015 will be adequate to take care of 8(a) (1) violations, whether they occurred in No. 15,014, or No. 15,015.

We are of the opinion that no further clarification, other than the advice of this order, is needed.